**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **YOJAIRA VERONICA AGUILON-LOPEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2500-KC** |
| | § | |
| **WARDEN OF CAMP EAST MONTANA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Yojaira Veronica Aguilon-Lopez's Petition for a Writ of Habeas Corpus, ECF No. 1. Aguilon-Lopez, a citizen of Guatemala, is held in immigration detention at Camp East Montana in El Paso, Texas. Pet. ¶ 1. She argues that her detention without an individualized custody determination is unlawful on constitutional due process grounds and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 13, 71–77.

Aguilon-Lopez entered the United States in April 2022. *See id.* ¶ 32. On or about April 28, 2022, she was encountered by Border Patrol and was processed as an unaccompanied minor on the basis of a birth certificate "supplied [to] her" by a smuggler, which reflected an inaccurate date of birth in 2005. *Id.* ¶¶ 32–33. On April 29, 2022, Aguilon-Lopez was issued a Notice to Appear, and thereafter lived openly in Miami. *Id.* ¶¶ 34–36. In 2024, she applied for asylum and withholding using her true birth date. *Id.* ¶ 37. On April 28, 2026, she was detained by immigration authorities and issued a new Notice to Appear. *Id.* ¶¶ 41–42. Aguilon-Lopez then "entered into an amended plea agreement and pleaded guilty to one count of False Statement, 18 U.S.C. § 1001(a)(2), based on her statement of her birth date." *Id.* ¶ 45. She was convicted on

August 21, 2026. *Id.* ¶ 46. She states that she has "been in continuous federal custody for approximately five months" and has not been afforded an individualized custody determination. *Id.* ¶¶ 48–49. Aguilon-Lopez "is currently in full removal proceedings in immigration court" and has an "individual hearing scheduled for October 15, 2026 at 8:30 AM." Resp. 10, ECF No. 3.

On October 13, 2026, Respondents filed their Response, in which they argue that Aguilon-Lopez's petition must be denied following *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Resp. 1, 10–11. Respondents also argue that the en banc Fifth Circuit's issuance of a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds, *Sosnava Rodriguez v. Ortega*, 183 F.4th 387 (5th Cir. 2026) (mem.), bars this Court from considering Aguilon-Lopez's procedural due process claim. Resp. 1–7.

Aguilon-Lopez's Petition primarily challenges her detention without an opportunity for a meaningful individualized custody determination as unlawful on constitutional due process grounds. *See* Pet. ¶¶ 13, 15. To the extent Aguilon-Lopez challenges her detention on statutory grounds, *see id.* ¶ 54, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Aguilon-Lopez's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 166 F.4th at 498. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on

this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases). As to Respondents' argument that the interim order entered in *Sosnava Rodriguez* bars consideration of Aguilon-Lopez's due process claim, Resp. 1–7, the Court rejects that argument for the reasons stated in its Show Cause Order.[1] *See* Show Cause Order 1–3.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–29, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Aguilon-Lopez's case and this Court's prior decisions, and because neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bars consideration of Aguilon-Lopez's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

---

[1] Respondents also argue that the stay order entered in *Tolentino-Rodriguez v. Blanche* clarifies that *Sosnava Rodriguez* applies to "all cases in the Fifth Circuit cases [sic] involving habeas litigation surrounding mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and due process concerns." Resp. 6; *see also* Order, *Tolentino-Rodriguez v. Blanche*, No. 26-20424 (5th Cir. Aug. 27, 2026), ECF No. 32-1. But the order in *Tolentino-Rodriguez*, as in *Sosnava Rodriguez*, offers no explanation. If anything, the stay of the district courts' judgments in *Tolentino-Rodriguez* further undermines Respondents' argument that the *Sosnava Rodriguez* court intended to stay all immigration habeas proceedings throughout the Fifth Circuit. It shows, instead, that such stays must be requested and adjudicated ad hoc considering the particular circumstances of each case.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Aguilon-Lopez's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before October 22, 2026**, Respondents shall either: (1) provide Aguilon-Lopez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Aguilon-Lopez's continued detention; or (2) release Aguilon-Lopez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before October 22, 2026**, Respondents shall **FILE** notice informing the Court whether Aguilon-Lopez has been released from custody. If Aguilon-Lopez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Aguilon-Lopez is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release. Such property includes, but is not limited to, identification documents.

---

[2] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 9–10, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[3] As to Aguilon-Lopez's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**There will be no extensions of the October 22, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 15th day of October, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE